## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NEIGHBORHOODS.COM LLC d/b/a
55 PLACES, an Illinois limited liability
company,

        Plaintiff,

v.

DREW HAISLEY and SHAFER REAL
ESTATE, INC.

        Defendants.

CASE NO.: 1:26-CV-01339

## PLAINTIFF'S MOTION TO REMAND

Plaintiff, Neighborhoods.com LLC d/b/a 55 Places, an Illinois limited liability company ("Plaintiff" or "55 Places"), by and through its undersigned counsel, respectfully moves this Court pursuant to 28 U.S.C. § 1447(c) to remand this action to the Circuit Court of Cook County, Illinois because the amount in controversy does not exceed $75,000 as required under 28 U.S.C. § 1332(a). In support of its motion, Plaintiff states:

## INTRODUCTION

Defendant removed this action invoking diversity jurisdiction under 28 U.S.C. § 1332. While complete diversity is not disputed, Defendant fails to satisfy its burden of proving that the amount in controversy exceeds the jurisdictional floor of $75,000. Defendant speculates that attorneys' fees incurred to date by Plaintiff have pushed the amount in controversy over $75,000. Defendant has guessed wrong. The amount in controversy, inclusive of attorneys' fees, is less than $75,000. (*See* Stipulation Regarding Amount in Controversy as to Attorneys' Fees, attached as Exhibit A.) As such, this Court lacks subject matter jurisdiction and must remand this matter to the Circuit Court of Cook County, Illinois.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. *See Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006). The removing party bears the burden of establishing federal jurisdiction. *See Id.* (citing, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The proponent of federal jurisdiction must produce facts to establish that the $75,000 jurisdictional minimum is satisfied by a preponderance of the evidence. *Id.* at 543. Once this burden is satisfied, the case will only be dismissed, "if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id.* Removal jurisdiction must be strictly construed and any doubts must be resolved in favor of remand. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

The Seventh Circuit has held that, "[t]he amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana v. Coca Cola Company*, 472 F.3d 506, 510-511 (7th Cir. 2006) (citing, *BEM I, L.L.C. v. Anthropologie, Inc.,* 301 F.3d 548, 552 (7th Cir. 2002)). The general rule is that attorneys' fees incurred up to the time of removal count toward the jurisdictional amount. *Id.* at 512. However, "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy.'" *Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 955, 959 (7th Cir. 1998).

**ARGUMENT**

I. **Defendant Has Not Provided Any Facts To Prove That The Amount In Controversy Exceeds $75,000.**

On January 8, 2026, Plaintiff filed its First Amended Complaint (the "Complaint") in the Circuit Court of Cook County, Illinois. (A true and correct copy of the Complaint is attached to Defendant's Notice of Removal). In its Complaint, 55 Places seeks to recover $60,954.25 in

damages, plus its attorneys' fees. On February 5, 2026, Defendant filed its Notice of Removal. As the basis for removal, Defendant speculates that the attorneys' fees accrued to date by 55 Places – coupled with the underlying damages – have pushed the amount in controversy above $75,000. However, Defendant provides no evidence or facts to support this assertion. Indeed, Defendant's Notice of Removal is pure guesswork. By failing to provide any facts whatsoever, Defendant has failed to carry its burden under *Meridian Security Ins. Co.*, 441 F.3d at 540.

Moreover, Plaintiff has stipulated[1] that damages in this matter, inclusive of attorneys' fees, are below the $75,000 jurisdictional floor. (*See* Ex. A) Thus, it is "legally certain" that damages in this matter will be less than the $75,000 jurisdictional requirement. *See Oshana,* 472 F.3d at 512 (citing, *BEM I, L.L.C.,* 301 F.3d at 552 (holding that a stipulation has the same effect as a statute that limits a plaintiff to the recovery sought in the complaint)). Accordingly, this Court lacks jurisdiction and this matter must be remanded to the Circuit Court of Cook County, Illinois.

---

[1] Defendant was offered the opportunity to join in this stipulation, but declined to participate. (Ex. A, at ¶5)

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff, Neighborhoods.com LLC d/b/a 55 Places respectfully requests that this Court: (1) remand this action to the Circuit Court of Cook County, Illinois; and (2) grant such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: March 5, 2026                    Respectfully submitted,

                                        **NEIGHBORHOODS.COM, LLC**
                                        **dba 55 PLACES**


                                        By: /s/ *Craig E. Donnelly*
                                             Its attorney

Craig E. Donnelly
**DONNELLY LAW LLC**
1100 Jorie Boulevard, Suite 255
Oak Brook, IL 60523
630-601-7170
CED@DonnellyLawLLC.com
ARDC: 6282771

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEIGHBORHOODS.COM LLC d/b/a 55 PLACES, an Illinois limited liability company, | |
| Plaintiff, | |
| v. | CASE NO.: 1:26-CV-01339 |
| DREW HAISLEY and SHAFER REAL ESTATE, INC. | |
| Defendants. | |

**PLAINTIFF'S DECLARATION REGARDING
AMOUNT IN CONTROVERSY AS TO ATTORNEYS' FEES**

Plaintiff, Neighborhoods.com LLC d/b/a 55 Places, an Illinois limited liability company ("55 Places"), by and through its undersigned counsel, hereby stipulates as follows:

1. My name is Craig Donnelly. I am lead counsel for the Plaintiff in this matter. The facts stated in this declaration are based on my personal knowledge, and I could, if called, testify competently to them.

2. Plaintiff has asserted claims in this action that include a request for recovery of attorneys' fees.

3. For purposes of clarifying the amount in controversy under 28 U.S.C. § 1332, Plaintiff stipulates and agrees that the total amount of damages sought, recoverable or accepted in this action shall not exceed $75,000, inclusive of attorneys' fees.

4. Plaintiff further agrees that this stipulation is binding and irrevocable and that Plaintiff will neither seek nor accept an award of damages in excess of $75,000 (inclusive of attorneys' fees) in this action, whether by judgment, settlement or otherwise.

5.　　　Prior to filing the attached Motion to Remand, I contacted Defendant's counsel *via* e-mail on February 26, 2026 and offered to enter into a joint stipulation that damages in this matter (inclusive of attorneys' fees) would not exceed $75,000.  As of the filing of this motion, Defendant has failed to respond to my offer regarding a joint stipulation.

6.　　　This stipulation is made voluntarily and with the intent that it be binding upon Plaintiff and enforceable by the Court.

Dated: March 5, 2026

NEIGHBORHOODS.COM, LLC
dba 55 PLACES

By: /s/ *Craig E. Donnelly*
　　　　Its attorney

Craig E. Donnelly
DONNELLY LAW LLC
1100 Jorie Boulevard, Suite 255
Oak Brook, IL 60523
630-601-7170
CED@DonnellyLawLLC.com
ARDC: 6282771